McCREADY (AMERICAN COTTON TIE SUPPLY CO. v.). See Case No. 295.

## Case No. 8,732a.

McCREADY et al. v. The BROTHER JONATHAN.

[Betts, Scr. Bk. 489.]

District Court, S. D. New York. 1853.

ADMIRALTY—COLLISION—AMENDMENT—AMOUNT CLAIMED—UNDERTAKING OF STIPULATORS.

[1. An amendment will be allowed in an action of tort in admiralty increasing the ad damnum allegations, the recovery not being restricted to the amount claimed.]

[2. The undertaking of stipulators on a libel in rem for the loss of a vessel and cargo by collision is for their value, and they are not entitled to interfere in questions relating to the equity of parties to amend the form of their pleadings so as to bring within the action all the rights which may be legally determined by it.]

The libel in this case originally was by the owners of the vessel lost by collision with the steamship, for her loss, and also for the loss of the libellants' cargo on board. On the trial, evidence was offered of a cargo on board belonging to other persons not named in the libel. This evidence was excluded by the court; and on a motion to amend, the libellants [Nathaniel L. McCready and others] were granted liberty to amend so as to

show that they were entitled to demand, in their own names, the value of lost property, with the restriction that the suit should be carried on upon their own rights, as they existed when it was instituted. Under that permission, amendments were put in, which the claimants moved to expunge, on the ground that they introduced new parties to the action, and also enhanced the damages demanded and the liability of the stipulators. The libellants insist, that the amendments do not go beyond the restriction of the order.

Mr. Lord, for libellants.
Mr. Sherwood, for defendants.

Before BETTS, District Judge.

Held, that the amendments, though not entirely clear of ambiguity, plainly authorize proofs to the extent contemplated by the order for amendment, and it is not necessary for the protection of the claimants against evidence exceeding that limit, that the pleadings should be more precise or limited than to give them fair notice of the extent of the libellants' demands, in their own right, or in the rights of others whose authority to sue they had when the action was commenced. That the increase of the ad damnum allegations is mere matter of form; that, in an action of tort in admiralty, the court is not bound to restrict the recovery of the libellant to the amount claimed in the summation of damages, but an amendment would be allowed, of course, enlarging that claim. That the undertaking of the stipulators is for the value of the libellants' vessel and cargo, and they are not entitled to interfere in questions relating to the equity of parties to amend the form of their pleadings so as to bring within the action all the rights which may be legally determined by it.